IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS
KANSAS CITY DIVISION

| | |
|---|---|
| TERRALL COOPER,<br><br>        Plaintiff,<br>v.<br><br>CREDIT WORLD SERVICES, INC.<br><br>        Defendant. | **COMPLAINT**<br><br>Case No.: 2:20-cv-2025<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT AND JURY DEMAND

COMES NOW, Plaintiff Terrall Cooper, by and through the undersigned counsel, and for his Complaint against Defendant, Credit World Services, Inc., under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), states as follows:

### JURISDICTION

1. This court has jurisdiction of the federal claim under 15 U.S.C. § 1692k(d).

2. Venue is proper because Defendant resides and transacts business here.

### STANDING

3. Plaintiff has a congressionally defined right to receive all communications from a debt collector free from any misrepresentations and false threats.

4. Defendant's collection activities violated the FDCPA.

5. Plaintiff has thus suffered an injury as a result of Defendant's conduct, giving rise to standing before this Court. Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1544 (2016), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); Bellwood v. Dwivedi, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the

right can sue without running afoul of Article III, even if he incurs no other injury[.]").

6. "Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" Lane v. Bayview Loan Servicing, LLC, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016)(quoting 15 U.S.C. § 1692(b)). Thus, a failure to honor a consumer's right under the FDCPA constitutes an injury in fact for Article III standing. See id. at *3 (holding that a consumer "has alleged a sufficiently concrete injury because he alleges that [Defendant] denied him the right to information due to him under the FDCPA."); see also Church v. Accretive Health, Inc., No. 15-15708, 2016 WL 3611543, at *3 (11th Cir. July 6, 2016) (holding that consumer's § 1692g claim was sufficiently concrete to satisfy injury-in-fact requirement).

7. "[E]ven though actual monetary harm is a sufficient condition to show concrete harm, it is not a necessary condition." Lane, 2016 WL 3671467 at *4.

## **PARTIES**

8. Plaintiff, Terrall Cooper (hereafter "Plaintiff"), is a natural person currently residing in the State of Missouri.

9. Plaintiff is a "consumer" within the meaning of the Fair Debt Collection Practices Act.

10. Defendant Credit World Services, Inc. (CWS) is a Kansas corporation engaged in the business of collecting debts, using mails and telephone, in the state with its principal place of business located at 6000 Martway Street, Mission, Kansas 66202.

11. CWS is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

12. CWS regularly collects or attempts to collect defaulted consumer debts due or asserted to be due another, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

## **FACTUAL ALLEGATIONS**

13. Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed to a creditor other than Defendant.

14. On or about January 15, 2019, Plaintiff had a telephone conversation with Defendant regarding an alleged debt allegedly owed by Plaintiff.

15. The alleged debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

16. The telephone call is a "communication" as defined by 15 U.S.C. § 1692a(2).

17. At that time, Defendant provided false and misleading information to the consumer regarding his rights.

18. Defendant's representative attempted to confuscate the dispute and validation process and tried to hinder Plaintiff's attempts to exercise his rights under the FDCPA.

19. During the telephone call, Plaintiff asked to dispute the debt and requested verification of the debt.

20. Defendant's representative immediately began to overshadow Plaintiff's rights to dispute the alleged debt and request validation of the alleged debt.

21. Defendant responded by saying, "Do you need KCPL's number?"

22. Plaintiff asked why he would need KCPL's number if Defendant was the one collecting against him.

23. Defendant stated that the bill was through KCPL and Defendant was just the collection agency for them.

24. Defendant then stated Plaintiff had to dispute with KCPL directly and to contact KCPL to let them know of his dispute.

25. Plaintiff does not have to seek out validation of the debt on his own. Defendant is responsible for validating the debt once Plaintiff disputes it.

26. Defendant knew, or should have known, that the above statements were false, misleading, and harassing in nature.

27. Defendant's representations discouraged Plaintiff from exercising his right to dispute the alleged debt by harassing and misleading Plaintiff.

28. All of Defendant's actions complained of herein occurred within one year of the date of this Complaint.

29. Defendant's conduct has caused Plaintiff to suffer damages including but not limited to the loss of time incurred by Plaintiff as well as attorneys' fees paid for advice regarding his situation.

30. Congress has found that "[a]busive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

31. Here, Plaintiff has suffered an injury-in-fact in at least one of the manners contemplated by Congress when it passed the FDCPA because of Defendant's conduct.

32. Plaintiff's injury-in-fact is fairly traceable to the challenged representations of Defendants.

33. Plaintiff's injury-in-fact is likely to be redressed by a favorable decision in this Court.

34. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, e.g., Duffy v. Landberg, 215 F.3d 871, 874 (8th Cir. 2000) (citing Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994)).

**COUNT I: Violations Of § 1692e Of The FDCPA – False Representation Of The Character, Amount, or Legal Status of The Alleged Debt**

35. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

36. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt, including, but not limited to, the false representation of the character, amount, or legal status of any debt. See, 15 U.S.C. § 1692e(2).

37. Defendant used false representations or deceptive means to collect or attempt to collect a debt or obtain information concerning the Plaintiff, in violation of 15 U.S.C. § 1692e(10).

38. Defendant's collection efforts only serve to confuse and mislead the consumer.

39. Defendant's collection efforts were materially false, misleading, and deceptive.

40. Defendant's violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Terrall Cooper, prays that this Court:

A. Declare that Defendant's debt collection actions violate the FDCPA;

B. Enter judgment in favor of Plaintiff Terrall Cooper and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

C. Grant other such further relief as deemed just and proper.

**COUNT II: Violations Of § 1692d & 1692f Of The FDCPA – Harassment or Abuse, False or Misleading Representation, & Unfair Practices**

41. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

42. Section 1692d prohibits any debt collector from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

43. Defendant's communications with Plaintiff were meant to shame, embarrass, and harass Plaintiff by misrepresenting the alleged debts status.

44. Section 1692f prohibits the use of unfair and unconscionable means to collect a debt.

45. Defendant's communications with Plaintiff were deceptive and misleading.

46. Defendant used unfair and unconscionable means to attempt to collect the alleged debt.

47. Defendant's violation of § 1692d and § 1692f of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Terrall Cooper, prays that this Court:

A. Declare that Defendant's debt collection actions violate the FDCPA;

B. Enter judgment in favor of Plaintiff Terrall Cooper, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

C. Grant other such further relief as deemed just and proper.

## JURY DEMAND

48. Plaintiff demands a trial by jury on all Counts so triable.

## DESIGNATION OF LOCATION OF TRIAL

49. Plaintiff designates the Kansas City Division of the United States District Court of Kansas, the Robert J. Dole Courthouse, 500 State Avenue, Room 259, Kansas City, Kansas 66101 as the location of trial.

Dated: January 15, 2020.

Respectfully Submitted,

**HALVORSEN KLOTE**

By: \_\_/s/ Gregory M. Klote_____

Gregory M. Klote, #66888(MO)
680 Craig Road
Suite 104
St. Louis, MO  63141
P: (314) 451-1314
F: (314) 787-4323
greg@hklawstl.com
*Attorneys for Plaintiff*